UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR22-0097JLR |
| Plaintiff, | ORDER |
| v. | |
| JOYCE OLDRICH, | |
| Defendant. | |

Before the court is Defendant Joyce Oldrich's motion to modify conditions of supervised release. (Mot. (Dkt. # 105); Reply (Dkt. # 108).) Plaintiff the United States of America (the "Government") opposes the motion. (Resp. (Dkt. # 106).) The court has considered the parties' submissions, the relevant portions of the record, and applicable law. Being fully advised, the court DENIES Ms. Oldrich's motion.

Ms. Oldrich asks the court to modify conditions of her supervised release to either: eliminate the condition requiring drug testing for marijuana, cannabis, or THC; or in the alternative, to prohibit the United States Attorneys' Office from prosecuting any alleged

ORDER - 1

violation of this condition. (Mot. at 1.) Ms. Oldrich states that she uses marijuana to treat chronic pain and does not wish to use opioids due to her family history of opioid addiction. (*Id.* at 3.) In support of her motion, Ms. Oldrich submitted two letters from medical providers regarding her use of marijuana to treat chronic pain. (*See id.*, Ex. 2 ("Cassidy Letter"), Ex. 3 ("Zend Letter").) In her letter, Dr. Cassidy states, [t]he marijuana seems to help with [Ms. Oldrich's] chronic pain." (Cassidy Letter.) In his letter, Dr. Zend states, in relevant part, "medical marijuana and Buprenorphine are medically indicated for Ms. Oldrich. On June 7, 2023 she reported to me that . . . the Buprenorphine was giving her near total relief of her neck pain." (Zend Letter at 1-2.)

Ms. Oldrich first asked the court to suspend marijuana testing as a condition of her supervised release during her sentencing hearing, on April 25, 2023. (*See* Mot, Ex. 1 ("Sentencing Transcript") at 19-21.) The court instructed Ms. Oldrich that the court would consider her request for this modification if she could provide a letter from her doctor "that says [marijuana is] a medical necessity, and that there's no other alternative." (*Id.* at 20.) The court further explained that it would consider such a request if "opioids are the only other alternative." (*Id.*)

A district court has broad discretion to modify conditions of supervised release. *See United States v. Bainbridge*, 746 F.3d 943, 950-51 (9th Cir. 2014). 18 U.S.C. § 3583(e) provides that the sentencing court "may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[,] . . . modify, reduce, or enlarge the conditions of supervised release, at any time

prior to the expiration or termination of the term of supervised release."[1]  18 U.S.C. § 3583(e)(2); *see, e.g.*, 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D) (listing factors such as the nature and circumstances of the offense, the need for deterrence, the need to protect the public, and the need to provide defendant with medical care).

Having considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), the court concludes that testing for marijuana, cannabis, or THC should not be removed from the conditions of Ms. Oldrich's supervised release.  Ms. Oldrich has failed to meet the requirements set forth by the court during the April 25, 2023 sentencing because she has not provided a letter from a medical provider stating that she has "no other alternative" to marijuana, that marijuana is a "medical necessity," or that opioids are her "only alternative" form of pain management.  (*See* Sentencing Transcript at 20; Cassidy Letter (stating only that marijuana "seems to help"); Zend Letter (stating that "marijuana is medically indicated," and in combination with another drug, has given her "near total relief").)

For the same reasons, the court also denies Ms. Oldrich's alternative request that the court prohibit the United States Attorney's Office from prosecuting any alleged supervised release violations related to her marijuana use.  (*See* Mot. at 6-7.)  Because

---

[1] In modifying the conditions of supervised release, the court must also abide by Federal Rule of Criminal Procedure 32.1(c) and 18 U.S.C. § 3583(d).  18 U.S.C. § 3583(e)(2).  Although Rule 32.1(c) generally requires the court to hold a hearing before modifying the conditions of supervised release, a hearing is not required in this case because "the relief sought is favorable to the person and does not extend the term of probation or of supervised release" and "an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object."  Fed. R. Crim. P. 32.1(c)(1), (c)(2)(B)-(C); (*see generally* Dkt.).  Additionally, because the court is not being asked to add further conditions of supervised release, the provisions of § 3583(d) are not applicable to the court's analysis.

1  Ms. Oldrich cannot demonstrate a medical necessity for marijuana pursuant to the criteria
2  set forth during her April 25, 2023 sentencing hearing, the court declines to modify this
3  condition of her supervised release.  (*See* Sentencing Transcript at 20.)
4      The court therefore DENIES Ms. Oldrich's motion to eliminate or modify her
5  supervised release conditions regarding drug testing for marijuana, cannabis, and/or THC
6  (Dkt. # 105).
7      Dated this 7th day of August, 2023.

JAMES L. ROBART
United States District Judge